Douglas A. Winthrop (No. 183532)
douglas.winthrop@arnoldporter.com
Nina Leviten (No. 351970)
nina.leviten@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:    415-471-3100
Facsimile:    415-571-3400

Alex Beroukhim (No. 220722)
alex.beroukhim@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:    213-243-4000
Facsimile:    213-243-4199

Attorneys for Defendant
FLOCK GROUP INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE DUTCHER, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLOCK GROUP INC., d/b/a FLOCK SAFETY, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:26-cv-03041<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF PUTATIVE CLASS ACTION** |

1

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendant Flock Group Inc. ("Flock") hereby gives notice of the removal of the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453. In support thereof, Flock states as follows:

### INTRODUCTION

1. On March 4, 2026, Plaintiff Lance Dutcher filed this putative class action against Defendant Flock in the Superior Court of the State of California for the County of Los Angeles, Case No. 26STCV07141, a true copy of which is attached hereto as **Exhibit A**. Flock has not yet been served.

2. The Complaint asserts one causes of action for violation of Cal. Civ. Code §§ 1798.90.5 *et seq.* Plaintiff seeks to represent a putative class defined as "all individuals in the United States who, during the class period, had their personally identifiable information collected by Flock's ALPR [automated license plate recognition] systems while in California without notice, authorization, or consent." Compl. ¶ 111.

3. As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

### JURISDICTION AND VENUE ARE PROPER

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c), 1391, 1441(a), and 1446(a) because the Superior Court of the State of California for the County of Los Angeles, where the Complaint was filed, is a state court within the Central District of California.

5. This case is removable under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (1) there is minimal diversity between the parties; (2) there

are at least 100 class members; and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

## I.    THIS CASE IS REMOVABLE UNDER CAFA

6.    "CAFA gives federal courts jurisdiction over certain class actions . . . if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* at 89 (quoting S. Rep. No. 109-14, p. 43 (2005)). Accordingly, "[n]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Id.*

7.    Evidentiary proof that these requirements are met need not be submitted with the notice of removal. The notice is sufficient if it constitutes a "short and plain statement of the grounds for removal." *Dart Cherokee*, 574 U.S. at 87; *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d 1025, 1028 (C.D. Cal. 2017).

### A.    The Parties Are Minimally Diverse

8.    For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Unlike traditional diversity jurisdiction, which requires complete diversity of citizenship between the parties, CAFA requires only minimal diversity. 28 U.S.C. § 1332(d)(2)(A). This requirement is met where any member of the putative class is a citizen of a state different from any defendant. *Id.* This action satisfies CAFA's minimal diversity requirement.

9.    Defendant Flock is a citizen of the State of Delaware and the State of Georgia. It is incorporated in Delaware with its principal place of business in Atlanta, Georgia. Compl. ¶ 15.

10. Plaintiff Dutcher is a citizen of California. *Id.* ¶ 14.

11. Because Plaintiff is a citizen of California and Flock is a citizen of Delaware and Georgia, there is at least the minimal diversity required under CAFA.

**B.    Plaintiff's Proposed Class Includes at Least 100 Members**

12. Plaintiffs seek to represent a putative class consisting of "all individuals in the United States who, during the class period, had their personally identifiable information collected by Flock's ALPR systems while in California without notice, authorization, or consent." Compl. ¶ 111.

13. The Complaint alleges that class members "are *so numerous* that their individual joinder herein is impracticable," and that "on information and belief, the Class includes thousands of consumers." *Id.* ¶ 114 (emphasis added).

14. Flock disputes that the proposed class could ever be certified. But by Plaintiff's own admission, his proposed class includes thousands of members, far exceeding the 100-member threshold.

**C.    The Amount in Controversy Exceeds $5,000,000**

15. Flock disputes that it is liable for the claims Plaintiff asserts in the Complaint.

16. Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6).

17. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.*

18. While Plaintiff does not plead a specific amount of damages, the aggregate amount in controversy here exceeds $5,000,000, satisfying the CAFA requirement. *See Dart Cherokee*, 574 U.S. at 84 ("When the plaintiff's complaint does not state the

amount in controversy, the defendant's notice of removal may do so." (citing 28 U.S.C. § 1446(c)(2)(A)).

19.    Plaintiff seeks, in relevant part, the following relief on behalf of the putative class:

- "[A]ctual damages, but not less than liquidated damages in the amount of two thousand five hundred dollars ($2,500). Compl. ¶ 139.
- Punitive damages. *Id.*
- "Reasonable attorney's fees and other litigation costs reasonably incurred." *Id.*
- "[C]ompensatory, statutory, and punitive damages . . . [of] no less than $2,500 for each violation of Civil Code § 1798." *Id.* at 29, Prayer for Relief.
- Restitution and "all other forms of equitable monetary relief." *Id.*
- "[A]n order requiring Flock to undertake a corrective action." *Id.*

20.    **Statutory Damages:** The Complaint alleges that Plaintiff seeks statutory damages of "no less than $2,500 for each violation" of Civil Code section 1798.90.5 *et seq. Id.* Because the Complaint alleges that there are thousands of individuals whose license plate data has been collected by Flock in California (*id.* ¶ 114), and because Plaintiff alleges that each of those individuals can assert a violation of the statute, the total amount of statutory damages that Plaintiff is seeking far exceeds the $5,000,000 jurisdictional minimum under CAFA.

21.    **Attorneys' Fees:** Even if Plaintiff were not seeking statutory damages, the amount would still exceed $5,000,000 in the aggregate as Plaintiff also seeks to recover his attorneys' fees and costs. Compl. at p. 29. The Ninth Circuit has held that "when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." *Arias v.*

*Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). This further increases the amount to over the $5,000,000 threshold for the putative class.

## II.    ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A.    This Notice of Removal Is Timely

22.    This Notice of Removal is timely filed. Flock has not yet been served.

### B.    Procedural Requirements Under Section 1446(a)

23.    Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings, and orders" served on it in the state court action. True and correct copies of the Complaint and all papers filed in the state court action are attached hereto as **Exhibits A through E**. As required by 28 U.S.C. § 1446(d), Flock will file an appropriate notice in the state court action and will serve on all counsel of record a true and correct copy of this Notice of Removal.

## III.    RESERVATION OF RIGHTS

24.    By filing this Notice of Removal, Flock does not waive any defense that may be available to it and reserves all such defenses. If any question arises as to the propriety of the removal to this Court, Flock requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

### CONCLUSION

WHEREFORE, Flock Group Inc. hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

Dated:        March 20, 2026        ARNOLD & PORTER KAYE SCHOLER LLP

*/s/ Douglas A. Winthrop*
Douglas A. Winthrop
Alex Beroukhim
Nina Leviten
*Attorneys for Defendant Flock Group Inc., d/b/a Flock Safety*

NOTICE OF REMOVAL